MATTHEW I. TOURTLOTTE, *local counsel*
Tourtlotte Law Firm, PLLC
1643 24th St. West, Suite 308
Billings, MT 59102
T: (406) 294-3400
Matt@tourtlottefirm.com

THOMAS G. JARRARD, *pro hac vice pending*
Law Office of Thomas G. Jarrard, PLLC
1020 N Washington Street
Spokane, WA 99201
Telephone: (425) 239-7290
TJarrard@att.net

MATTHEW Z. CROTTY, *pro hac vice pending*
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave, Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
Matt@crottyandson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| BRANDON MCLEAN, <br><br> Plaintiff, <br> v. <br><br> CJ AUTO PARTS, INCORPORATED, dba NAPA AUTO PARTS – SOUTH KALISPELL AUTO PARTS, <br><br> Defendants. | NO. <br><br> COMPLAINT AND DEMAND FOR TRIAL BY JURY <br><br> **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## I.  INTRODUCTION

This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA) and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

Plaintiff, Brandon McLean ("Plaintiff" or "Mr. McLean"), by and through his undersigned attorneys, brings this Complaint against CJ Auto Parts, Incorporated, DBA Napa Auto Parts – South Kalispell Auto Parts (hereafter "Defendant"), and alleges as follows:

## II.  PARTIES AND JURISDICTION

1. Mr. McLean resided in the State of Montana and was an employee of Defendant at all times relevant to this matter.

2. Mr. McLean is a member of the United States Marine Corps Reserve.

3. Defendant, CJ Auto Parts, Inc. is an employer in Montana, licensed under Secretary of State No. D058183

4. The above Defendant exercised control over the employment benefits and opportunities of Mr. McLean and for the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) is a private employer.

5. All acts complained of occurred within this judicial district.

6. This Federal Court has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331.

7. Venue is proper in the District of Montana, Missoula Division, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions complained herein occurred in the District and Defendants conduct business there.

### III.   FACTS

8. On June 29, 2021, Mr. McLean was hired as a retail salesperson at CJ Auto Parts.

9. On the first week of work, Mr. McLean provided Defendant a copy of his annual drill schedule for the Marine Corps Reserve.

10. During his employment at CJ Auto Parts, Mr. McLean only missed work for his scheduled days off for military duty and one sick day, i.e., 13 days.

11. On August 5, 2021, Defendant's manager, Vern Fox, fired Mr. McLean, stating that the reason for firing was due to absences.

12. When Mr. McLean asked, "what absences?", Mr. Fox declined to provide any information.

13. A few days later, Mr. McLean spoke with his former supervisor, Cody Moreson, who also told Mr. McLean he was terminated for absences.

14. A few days later, Mr. McLean went to Napa Human Resources and spoke with Tina (no last name given) who also confirmed that Mr. McLean was terminated for absences

15. Mr. McLean subsequently filed for unemployment. The Montana unemployment Insurance Division conducted an employer inquiry and was informed by CJ Auto Parts that Mr. McLean was discharged for attendance issues and not for misconduct.

16. As a result of Defendant's unlawful conduct in violation of USERRA, Mr. McLean has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial. Further, as a result of Defendant's unlawful conduct and the necessity of this action to seek a remedy, Mr. McLean fears further retaliation.

17. Defendant's actions are the direct and proximate cause of Mr. McLean's damages.

18. At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA and ensure its managers and agents followed the Act.

19. The above-referenced actions by Defendant, and its agents, breached those duties.

20. To the extent that Defendant alleges application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

21. Upon information and belief, Defendant maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

22. Defendant has access to access to the provisions of USERRA, support of a Human Resources Department, including immediate access to professional human resources personnel, and specially trained employment counsel.

## IV. CAUSES OF ACTION

### (COUNT 1 VIOLATION OF 38 U.S.C. § 4311(a))

Defendant violated 38 U.S.C. § 4311(a) of USERRA, among other ways, by:

a. Denying pay and benefits of employment, based on McLean's obligation to perform military service; and

b. Terminating Mr. McLean's employment based on Mr. McLean's obligation to perform military service.

### (COUNT 2 VIOLATION OF 38 U.S.C. § 4311(b))

Defendant violated 38 U.S.C. § 4311(b) of USERRA, among other ways, by:

a. Taking adverse employment actions against Mr. McLean following the exercise of his USERRA rights; and

b.  Denying Mr. McLean proper pay and benefits of employment, in retaliation for his exercise of his rights under USERRA.

### (LIQUIDATED DAMAGES UNDER 38 U.S.C. § 4323(d))

Mr. McLean is entitled to liquidated damages under 38 U.S.C. § 4323(d) of USERRA because:

a.  Defendant knew of Mr. McLean's USERRA rights;

b.  Defendant recklessly disregarded its own posted USERRA notices.

### V.  PRAYER FOR RELIEF

Plaintiff respectfully prays for:

a.  An Order declaring as a matter of law that Defendant violated Mr. McLean's USERRA.

b.  An Order requiring that Defendant comply with USERRA immediately.

c.  Compensation for all injury and damages suffered by Mr. McLean including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, adverse tax consequences of any award for economic damages, liquidated damages for willful violations as it relates to the improper withholding of wages and benefits and general damages relating to emotional distress and mental anguish damages as provided by law.

  d. Plaintiff's reasonable attorneys, expert fees, and costs, pursuant to 38 U.S.C. § 4323, and as otherwise provided by law, as well as the private attorney general theory of recovery of reasonable attorney fees and costs in employment related cases.

  e. An Order enjoining Defendant from applying its illegal policies to Mr. McLean;

  f. An Order requiring Defendant to include a written statement in Mr. McLean's employment file stating Defendant violated Mr. McLean's USERRA rights leading to this litigation, and Order that Defendant must disclose that in all future employment inquiries.

  g. For such other and further relief as this Court deems just and equitable.

## V.   JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Respectfully submitted this February 25, 2022.

        */s/ Matthew I. Tourtlotte, local counsel*
        Tourtlotte Law Firm, PLLC
        1643 24th Street West, Suite 308
        Billings, MT 59102
        T: (406) 294-3400
        matt@tourtlottefirm.com

*/s/ Thomas G. Jarrard, pro hac vice pending*
Law Office of Thomas G. Jarrard, PLLC
1020 N Washington Street
Spokane, WA 99201
Telephone: (425) 239-7290
TJarrard@att.net

*/s/ Matthew Z. Crotty, pro hac vice pending*
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave, Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
Matt@crottyandson.com

Attorneys for Plaintiff